### WAGENER & CO. v. KIRVEN.

1. RES JUDICATA.—An action in foreclosure in which the contest is over the execution of the bond, and the complaint is dismissed because the defendant did not execute the bond, cannot be set up as a bar to an action on an open account between the same parties, secured by said bond.
2. APPEAL—CIRCUIT JUDGE—SUPREME COURT.—This Court has only to do with the conclusions reached by a Circuit Judge, and not with his reasons therefor.

Before BENET, J., Darlington, August, 1897.    Affirmed.

Action by F. W. Wagener & Co. *v.* M. C. Kirven.

The Circuit decree is as follows:

This is an action brought by the plaintiffs upon a complaint on account for money advanced and goods sold and delivered to the defendant. The defendant, in her answer, admits the first paragraph of the complaint, which alleges the partnership of the plaintiffs, and denies each and every other allegation in said complaint contained; and, for a further defense, alleges "that on the 11th day of November, 1895, in an action then pending in the Court of Common Pleas for Darlington County, between the plaintiffs in this action and this defendant, and for the same cause of action as that set forth in the complaint herein, the cause was heard upon its merits, a judgment was duly given for this defendant, and the said action dismissed. That an appeal was taken to the Supreme Court of this State, and by that Court the said judgment appealed from was affirmed, and the former judgment is still in force." The defendant, be-

sides her general denial, sets up the plea of *res judicata.* At the March term of the Court, by consent of counsel, and for the purpose of expediting the hearing of the cause, the question of *res judicata* was taken up before me out of order and before the case had been reached for trial. The defendant, by consent, introduced a brief, as prepared for hearing in the Supreme Court, of F. W. Wagener & Co., plaintiffs, appellants, against M. C. Kirven, defendant, respondent, complaint for foreclosure of real proyerty, and moved to dismiss the complaint in the above stated case, upon the ground that the issue had already been determined. The action now pending is one for debt. The former action was for the foreclosure of a mortgage. It was strenuously urged by defendant's counsel, in support of his motion, that the former action was for the foreclosure of a bond and mortgage alleged by the plaintiffs to have been given to secure the account now sued upon, and that the proof and determination of the same was necessarily and in fact involved in the former action; and that the Circuit Judge, in dismissing the complaint in the former action for the foreclosure of the bond and mortgage, upon the ground that the defendant, M. C. Kirven, did not execute the mortgage, at the same time disposed of the present cause of action.

The real question between these parties is whether the defendant is indebted to the plaintiffs, and that issue is now before the Court. Can the defendant successfully plead in bar a failure in the former proceeding to establish as genuine a bond and mortgage given to secure her alleged indebtedness? Under the allegations in the former complaint, the bond and mortgage were not and could not have been held to be the debt, but were nothing, if genuine, but a security for the debt, and the object and purpose of the action was to establish and foreclose the security for the debt. The debt might have and could have existed without the bond and mortgage, but the bond and mortgage, unless supported by a consideration, even if the signatures thereto had been

proven and admitted to be genuine, could not have been established and made a judgment debt against the defendant. In the former action the plaintiffs sought a strict foreclosure, and did not ask for a personal judgment against the defendant, and the defense mainly relied upon by the defendant was the non-execution by her of the bond and mortgage sought to be foreclosed. It appears that the Circuit Judge, if language expresses anything, disposes of the question when in his decree he says: "It will be observed that the only issue in the cause is one of fact (the execution of the mortgage sought to be foreclosed)." It would seem that he intended to give emphasis to his language, for he points out the fact in issue by placing in parenthesis what he meant, which was the execution of the mortgage sought to be foreclosed. In the opinion of the Supreme Court affirming the Circuit decree, it says: "The plaintiffs brought this action for the foreclosure of a mortgage on real estate, which, they allege, had been executed by the defendant. This allegation was distinctly denied in the answer, and the sole question made before the Circuit Court was whether the plaintiffs had established, by the preponderance of evidence, the execution of the mortgage." And further says: "The appeal raises a question of fact pure and simple." In the light of the decisions of Circuit and Supreme Courts, I cannot conclude that any issue was decided between these parties, except the execution of the mortgage sued on. In *Hart* v. *Bates*, 17 S. C., 42, the Court says that at least three things are necessary to sustain the plea of *res judicata.* "The parties must be the same, or their privies; the subject matter must be the same; and the precise point must have been ruled." And again, that "the rule is that when a former judgment is relied on, it must appear from the record that the point in controversy was necessarily decided in a former suit, or be made to appear by extrinsic proof that it was in fact decided." In this case it does not appear from the record that the point in controversy was decided in the former suit, or that it was

necessary to decide whether or not the defendant was indebted to the plaintiffs, when the complaint was dismissed on the express ground that the plaintiffs failed to establish, by the preponderance of the evidence, the execution of the mortgage. In this case only one of the three necessary things is present. The parties are the same, but the subject matter is not the same, and the precise point has not been ruled upon or determined. The motion to dismiss the complaint herein upon the ground stated cannot be sustained. It is, therefore, ordered and adjudged, that the motion be overruled, and that so much of the defendant's answer as sets up the plea of *res judicata* be stricken out, and that the cause proceed to trial under the other issues raised in the pleadings.

From this decree the defendant appeals, on the following exceptions:

1st. His Honor erred in stating, as foundations for his judgment, that the bond and mortgage set forth in the former action were distinct from the debt or contract of indebtedness alleged, and "were nothing but a security for the debt;" that in that action plaintiffs "sought a strict foreclosure, and did not ask for a personal judgment against the defendant, and the defense mainly relied upon by the defendant was the non-execution by her of the bond and mortgage sought to be foreclosed;" it being respectfully submitted that it appears from the record that the bond and mortgage were not alleged in the former action to be collateral to the debt, but as constituting the contract out of which arose the debt sought to be collected; that the purpose of the action was to enforce that contract and collect the debt; that a personal judgment was asked against the defendant; and that the defense was, that the defendant had entered into no such contract and contracted no such indebtedness.

2d. Respondents having in the former action alleged and claimed an indebtedness as arising under a specific contract,

and this having been determined against them, cannot now be permitted to occupy the inconsistent and contradictory position of alleging and claiming the same indebtedness as arising under a wholly different contract; and his Honor should have so held, and sustained defendant's plea of *res judicata.*

3d. That the allegations of the complaint in the present action constituted an inseparable, indivisible, and essential element and part of the contract alleged and sued on in the former action, and cannot now be permitted to be taken from that contract and sued on separately in a second action; and it was error in his Honor not so to have held, and dismissed the present action.

4th. That the issue in the present action, as to the account sued upon, was an issue in the former action, and that action being on the chancery side of the Court, and dismissed on the merits, without qualification or reservation of a right to subsequent suit, the issue is to be regarded as having been determined against respondents; and his Honor erred in not so holding, and sustaining appellant's plea of *res judicata.*

5th. That the issue in the present action, as to the account for money and supplies alleged to have been furnished, was also an issue in the former action, distinctly so made by the pleadings and covered by the testimony, and its determination adversely to respondents was necessarily involved in, and an essential prerequisite of, the judgment of the Court dismissing the action without reservation; and it was error in his Honor not so to have held and adjudged.

6th. Respondents having had the benefit of their allegations in the present action in the former action, and having been entitled, if the same had been established, to the personal judgment against appellant prayed for in the present action, whatever the fate of the bond and mortgage, and having not appealed on that ground from the dismissal of the action, is now estopped from bringing the said allegations in review a second time in a separate cause of action;

·and it was error in his Honor not so to have held, and sustained appellant's plea of *res judicata.*

7th. His Honor erred in law in holding the former action not to be a bar to the present action, and directing that so much of appellant's answer as set up the plea of *res judicata* be stricken out, the difference between the actions being immaterial, the cause of action being the same in both, and the evidence to support both being substantially the same.

*Messrs. Boyd & Brown,* for appellants, cite: *Prayer does not give character to the action:* 20 S. C., 205; 33 S. C., 542; 34 S. C., 289. *Personal judgment might have been awarded in foreclosure before statute permitting it under proper state of facts:* 27 S. C., 177; Bail. Eq., 201; 12 S. C., 7; 18 S. C., 600; 28 Minn., 450. *Principles of res judicata:* ·94 U. S., 351; 17 S. C., 40, 189; 19 S. C., 400; 28 S. C., 450; 31 S. C., 580; Bail. Eq., 330; 9 Rich. Eq., 478; 17 S. C., 26; 16 S. C., 621; 12 S. C., 422; 6 Rich. Eq., 302; 3 Rich. Eq., 439; 33 Am. Rep., 658; 114 Mass., 175. *Bond and account one contract, and cannot be sued on separately:* 2 N. & McC., 495; 4 McC., 20; 9 S. C., 282; 28 S. C., 450; 43 S. C., 224.

*Messrs. W. F. Dargan* and *G. W. Dargan,* contra, cite: *Under old practice personal judgment could not be obtained in equity suit of foreclosure:* 40 S. C., 199. *If bond and mortgage had been genuine, it would have absorbed account:* 19 S. C., 270. *Suit could be maintained on either bond or mortgage:* 19 S. C., 270; 18 S. C., 484; 10 S. C., 224; 30 S. C., 503; 3 Jones N. Y. Ch., 330; 49 S. C., 192; 2 Paige, 197. *Only one question before Court in foreclosnre suit:* 30 S. C., 574; 41 S. C., 174. *Principles of res judicata:* 17 S. C., 35; 19 S. C., 254; 41 S. C., 174; ·49 S. C., 505; 50 S. C., 87; 39 Mich., 264; 38 S. C., 304; 41 S. C., 146; 94 U. S., 606; 100 Mass., 409; 102 U. S., 691; 34 S. C., 345; 9 Rich. L., 451; 41 Pac. R., 43; 38 N. Y., 63; 30 S. C., 503; 41 N. E. R., 268. *Balance must be obtained before personal judgment*

*could be given in foreclosure, under old practice:* 40 S. C., 199; 9 N. Y., 502. *Courts do not grant relief not prayed for in equity:* 23 S. E. R., 553; 65 N. W. R., 435; 64 N. W. R., 286. *Point not raised below will not be considered here:* 41 S. C., 34, 79. *Suit on account cannot be defeated by failure to prove execution of bond given to secure it:* 35 L. R. A., 451.

March 24, 1898. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The sole question raised by this appeal is, whether his Honor, Judge Benet, erred in overruling the plea of *res judicata*, set up by defendant in her answer, as a separate defense, in addition to the defense of a general denial. It appears that on the 10th of February, 1894, the plaintiffs in the present action commenced an action against the defendant herein for the foreclosure of a mortgage on real estate, alleged to have been executed to secure the performance of the conditions of a bond, which was likewise alleged to have been executed by the said defendant. In that complaint the plaintiffs alleged: 1st. That said bond was given in consideration of an agreement, expressed therein, between plaintiffs and defendant, whereby plaintiffs had agreed to advance cash and plantation supplies to defendant to enable her to carry on her farming operations, during the year 1892, to an amount therein specified. 2d. That a mortgage on certain real estate, described therein, was executed by defendant to secure the payment of said bond. 3d. That said mortgage was duly recorded. 4th. That the plaintiffs named constituted the partnership of F. W. Wagener & Co. 5th. That the plaintiffs in pursuance of their said agreement, and in consideration of the security given them as aforesaid, advanced to the defendant in cash and plantation supplies, from the 9th of February, 1892, to the 13th of October, 1892, the sum of $2,509.16, no part of which has been paid except the sum of $290, on the 10th of October, 1892. 6th. That the condition of said bond and mortgage has been broken,

and there is due and remaining unpaid upon said bond and mortgage the sum of $2,219.16, with interest, &c. Wherefore, the plaintiffs demanded judgment, "that the said mortgage may be foreclosed, and the equity of redemption barred, the premises ordered to be sold and the proceeds applied to the payment of said debt, and execution awarded for the balance against the defendant, M. C. Kirven." To that complaint defendant answered: 1st. Admitting the allegation in paragraph 4 of the complaint, as to the partnership of plaintiffs. 2d. Admitting that a paper purporting to be such a mortgage as is set forth in paragraph 2 of the complaint, was entered on record, as alleged in paragraph 3 of the complaint. 3d. Denying each and every other allegation in the complaint.

The testimony in that case was taken by the master under an order of reference for that purpose, and was reported by him to the Court. Upon this testimony, together with the pleadings, the cause was heard by his Honor, Judge Ernest Gary, who rendered his decree on the 11th of November, 1895, finding as matter of fact that the defendant, M. C. Kirven, did not execute the mortgage, which constituted the basis of that action, and he, therefore, rendered judgment that the complaint be dismissed. From this judgment the plaintiffs appealed upon several grounds, which need not be set forth here, as it is sufficient to say that they all imputed error to the finding of fact above stated, and none of them presented the question whether the Circuit Judge erred in not rendering a personal judgment for the amount due for the cash and supplies alleged to have been furnished the defendant by the plaintiffs. Upon hearing that appeal, this Court confining itself entirely to the question of fact, as to whether the mortgage had been executed by the defendant, M. C. Kirven, affirmed the judgment of Judge Ernest Gary—47 S. C., 347. Thereupon the plaintiffs commenced the present action, and in their complaint they allege: 1st. The partnership of the several plaintiffs under the name and style of F. W. Wagener & Co. 2d. That,

between the 9th of February, 1892, and the 13th of October, 1892, they advanced money and sold and delivered goods to the defendant, amounting in the aggregate to the sum of $2,509.16, "as appears by an itemized statement of account hereto attached and marked exhibit A." 3d. That no part of said sum has been paid to plaintiffs except the sum of $290, on the 10th of October, 1892, "and there is now due and remaining unpaid upon said account of money advanced and goods sold and delivered by the plaintiffs to the defendant, the sum of $2,219.16." 4th. That on the 12th of October, 1892, an account was stated between the plaintiffs and the defendant, and upon such statement a balance of $2,219.16 was found to be due from said defendant to the plaintiffs. Wherefore, the plaintiffs demand judgment against the defendant for the said sum of $2,219.16, with interest thereon from the 13th of October, 1892, at the rate of seven per cent. per annum.

To this complaint the defendant answered, admitting the allegation of the partnership, but denying each and every other allegation in the complaint; and for further defense set up the plea of *res judicata.* By agreement of counsel the question raised by this plea was heard by his Honor, Judge Benet, before the case was regularly reached for trial, and he, for the reasons stated in his decree, rendered judgment overruling the plea of *res judicata*, and directed that the case be tried on the other issues raised by the pleadings. From this judgment, defendant appeals upon the several grounds set out in the record, which, together with the Circuit decree, will be incorporated in the report of this case.

To determine the question raised by this appeal, it will be necessary, first, to ascertain what issues were raised and decided in the former case. That was an action on the equity side of the Court, for the foreclosure of a mortgage given to secure the payment of money alleged to be due and unpaid *upon a bond, not* upon an open account or an account stated, and the only issues were, *first*, whether the defendant had executed the said bond

3—52

and mortgage; and, if so, *second*, whether there was anything due on said bond.  Now, when the Court decided that the bond and mortgage were not executed by the defendant, that disposed of both of these issues, as there could be nothing due *upon a bond* which defendant never executed, and hence the judgment that the complaint be dismissed necessarily followed.    But that did not determine the question whether the defendant was indebted to the plaintiffs *on an open account* or upon *an account stated*, for there was no such allegation in the former complaint.  Indeed, such an allegation there would not only have been inconsistent with, but absolutely repugnant to, the allegation which *was* made in the former complaint, that the defendant was indebted to the plaintiffs *upon the bond;* for, if that allegation had been established, then any indebtedness by simple contract on an account would have been merged in the bond, an obligation under seal, a higher security.  For, as is said by Mr. Justice McGowan, in delivering the opinion of the Court, in *Plyler* v. *Elliott*, 19 S. C., at page 263: "The note and mortgage—both securities under seal—one or both—absorbed the simple obligation for the money due, and thereby destroyed the right to sue upon an *indebitatus assumpsit*."    It is certainly true that both the Circuit Judge and this Court considered that the controlling issue in the former case was, whether the mortgage had been executed by the defendant; and that was the only issue then decided. For Judge Gary, in his Circuit decree in that case, said, "that the only issue in the cause is one of fact" (the execution of the mortgage sought to be foreclosed); and this Court, in its decision, said: "The sole question made before the Circuit Court was, whether the plaintiffs had established, by the preponderance of the evidence, the execution of the mortgage."  That, therefore, must be regarded as the only issue that was in fact decided, or was intended to be decided, in the former case.  It may be true, that the plaintiffs might, in the former case, by amendment of their complaint, as in *Sibley* v. *Young*, 26 S. C., 415, have pre-

sented the issue which, as we shall presently see, is raised in the present action; but no such amendment was either asked for or ordered, and hence we are of opinion that the only issue which was decided, or which could have been decided, in the former case, under the pleadings in that case, was as to the execution of the mortgage. Now, in the present case, no such issue is presented; for the only issue now presented is, whether the defendant is indebted to the plaintiffs upon an open account or upon an account stated; and the question whether the defendant executed the mortgage is entirely foreign to the issue now presented. This view is fully sustained by the case of *Stoddard* v. *McIlwain*, 9 Rich., 451. In that case, it appeared that, in a previous action, which was based upon certain notes alleged to have been signed by an agent of defendant, the verdict was in favor of defendant, upon the ground that plaintiff had failed to establish the agency. The plaintiff then brought an action against the defendant upon the open account for which said notes were purported to have been given, and it was held that the judgment in favor of the defendant in the previous action was no bar to plaintiff's recovery in the second action. See, also, *Sease* v. *Dobson*, 34 S. C., 345. It seems to us that these two cases are identical in principle with the case now under consideration, and are absolutely conclusive. The case of *Hart* v. *Bates*, 17 S. C., 35, which has been recognized in numerous subsequent cases, from *Ex parte Roberts*, 19 S. C., 150, down to the very recent case of *Anderson* v. *Cave*, 49 S. C., 505, and which may be regarded as a leading case on the subject of *res judicata*, thus lays down the rule: "that a judgment is not technically conclusive of any matter, if the matter is not such that it had of necessity to be determined before the judgment could have been given." Now, it is very obvious that when Judge Gary, in the former case, reached the conclusion that the mortgage, which constituted the basis of that action, had not been executed, there was no necessity for him to go on and inquire and determine whether the

defendant was indebted to the plaintiffs on some other ground than that alleged in the complaint. Indeed, it is very doubtful, to say the least of it, whether he had the power to do so under the then state of the pleadings. It is clear, therefore, that the issue now presented, to wit: whether the defendant is indebted to the plaintiffs on an open account or on an account stated, as alleged in the present complaint, was never, in fact, decided in the former action, nor was it necessarily involved in the judgment then rendered, and hence that judgment is no bar to the present action.

It is true, that Judge Benet does say in his judgment that "in the former action the plaintiffs sought a strict foreclosure, and did not ask for a personal judgment against the defendant;" and that statement is not strictly accurate, as the plaintiffs did demand a personal judgment for the balance against the defendant, after the proceeds of the sale under the mortgage had been applied to the debt. What he, doubtless, meant was, that no personal judgment was demanded for the whole amount of the debt. But be that as it may, we have only to determine whether the conclusion reached was correct, and have nothing to do with the reasons or statements upon which the conclusion was based; therefore, it is not material to consider whether such reasons are well founded.

The judgment of this Court is, that the judgment appealed from be affirmed, and that the case be remanded to the Circuit Court for the trial of the other issues raised by the pleadings.